ESPADA, PETITIONER, *v.* SEPÚLVEDA, DISTRICT JUDGE, RESPONDENT.

APPLICATION for a Writ of *Certiorari* to the Judge of the District Court of Ponce in an action for acknowledgment of natural children.

No. 113.—Decided February 25, 1914.

INTERVENTION—APPEAL—CERTIORARI.—An order allowing a party to intervene in an action is not appealable, but said order may be reviewed on appeal from the final judgment without the necessity of resorting to a writ of *certiorari.*

ID.—JURISDICTION.—A court having jurisdiction of an action has jurisdiction also to make an order allowing a party to intervene in the action.

CERTIORARI—INTERVENTION.—An order of the lower court allowing a party to intervene in an action of filiation causes no real or positive damage to the petitioner nor produces a complete or partial failure of justice.

The facts are stated in the opinion.
*Mr. F. Cervoni Gely* for petitioner.
The respondent did not appear.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

Estefanía Espada, as mother with *patria potestas* over her minor daughter, Mercedes Espada, applied to this court on January 27 last for a writ of *certiorari* addressed to Domingo Sepúlveda, Judge of the District Court of Ponce, for the purpose of reviewing an order made by the said judge on January 12 last allowing José Ruperto Larrauri to intervene as party defendant in an action of filiation brought by Estefanía Espada in the name of her .aforesaid daughter against John Doe and Richard Roe, unknown heirs of Julián Benito Rivera.

The writ of *certiorari* was issued and we have before us the original record of the action referred to, which was brought up to this court by virtue of another writ of *certiorari* previously petitioned for by the same Estefanía Espada as mother of Mercedes.

José Ruperto Larrauri bases his right to intervene on the ground that as legatee of Julián Benito Rivera under the will executed by the latter, he has an interest in the action of filiation and he cites in support thereof section 63 of the Code of Civil Procedure. The District Court of Ponce granted him leave to intervene by the order already mentioned.

The petitioner alleges in support of her petition that José Ruperto Larrauri is not an interested party in the action of filiation, that the decision of the District Court of Ponce allowing him to intervene is not appealable, that she is without an ordinary remedy at law to prevent such intervention, which is detrimental to the action brought by the minor, Mercedes Espada, and that the lower court exceeded its jurisdiction in granting the said intervention.

It is true that no appeal lies from the decision of January 12 last, because it is not included among the appealable decisions enumerated in section 295 of the Code of Civil Procedure, but as it is an order or decision made or rendered on a contested motion, it should be considered as excepted to by operation of law and therefore subject to review upon

a review of the final judgment in the case on appeal, provided it be included in the transcript of the record of the suit, in accordance with section 213 of the said code, and that is the petitioner's ordinary remedy at law for any damage which she may consider herself to have sustained. The Ponce court did not exceed its jurisdiction in acting as it did, because, having jurisdiction of the case, it also had jurisdiction to make all interlocutory orders therein and although in the exercise of its jurisdiction it may commit error, we are not now called upon to inquire into this.

In deciding an application for a writ of *certiorari* filed by Magín R. Argüelles against Jesús M. Rossy, Judge of the District Court of San Juan, Section 2, on November 7 last (19 P. R. R., 995), we stated that although the writ of *certiorari* is of an extraordinary character and does not lie generally in cases where the law provides another ordinary mode of redress, nevertheless, if the ordinary remedy, on account of the dilatoriness of the procedure which governs it, might result in a complete or partial failure of justice, the extraordinary remedy of *certiorari* will lie, it being well understood that as *certiorari* is not a writ of right, it may be granted or refused in the discretion of the court receiving the application.

Even supposing in the present case that the order of the District Court of Ponce allowing José Ruperto Larrauri to come in as party defendant in the action of filiation was erroneous, no real or positive injury is caused the petitioner thereby and consequently it would not produce a complete or partial failure of justice. In any event, the injury, if any, would be reparable in an ordinary appeal which the petitioner can take at the proper time from the final judgment rendered in the case if the same should be adverse to her.

The doctrine which we laid down today in deciding another application for a writ of *certiorari*, No. 111, brought by Estefanía Espada against the same judge of the District

Court of Ponce, Domingo Sepúlveda, is applicable to the present case and we ratify that doctrine.

Therefore the writ of *certiorari* issued will be vacated and the Judge of the District Court of Ponce instructed to proceed according to law as though the said writ had not been issued.

*Writ of certiorari discharged.*

Justices Wolf, del Toro and Aldrey concurred.